Clifford Y.C. LAI and Victoria L. Lai, Plaintiffs-Appellees,

v.

CITY AND COUNTY OF HONOLULU, a municipal corporation, Defendant-Appellant.

No. 87-1689.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 15, 1988.

Decided March 7, 1988.

Ronald B. Mun, Honolulu, Hawaii, for defendant-appellant.

David Bettencourt, Honolulu, Hawaii, for plaintiffs-appellees.

Before SKOPIL, Jr. and SCHROEDER, and ALDISERT,* Circuit Judges.

SCHROEDER, Circuit Judge:

The City and County of Honolulu appeal the district court's money judgment in favor of the Lais in an inverse condemnation action. In 1975, the City enacted a zoning ordinance, placing restrictions within a designated area on construction more than twenty-five feet above ground level. The purpose was to protect the view of the Punchbowl Crater from the H–1 Freeway. The Lais, owners of a development lease, were denied a Certificate of Appropriateness for their proposed high-rise condominiums due to the zoning ordinance. The Lais sued the City, contending that the ordinance constituted a compensable "taking" of their property, and won a judgment in their favor in the district court. We reverse and remand to the district court with instructions to dismiss because the plaintiffs have no "taking" claim which is yet ripe.

* Honorable Ruggero J. Aldisert, Senior U.S. Circuit Judge for the Third Circuit, sitting by desig-

In 1971, the Lais purchased their leasehold interest in a 30,000 square foot lot with rental units in Honolulu. The property is located near the Punchbowl Crater, a historic and scenic attraction. In 1974, the Lais entered into an arrangement with a developer, who planned to build condominium apartments in conformance with the existing zoning height limitation of 350 feet.

In 1975, the City of Honolulu enacted Ordinance Number 4488, establishing the Punchbowl District as Historic, Cultural and Scenic District Number 3. The City's expressed purpose in enacting the ordinance was to establish a scenic easement to protect one view of the Punchbowl Crater from the H–1 Freeway. The ordinance therefore restricted construction more than twenty-five feet above ground level.

In 1976, the Lais' developer requested a Certificate of Appropriateness from the Honolulu City Council to build its condominium apartments. The City Council voted to deny the developer's application, citing eight considerations including the proposed project's height.

On September 14, 1978, the Lais sued the City and County of Honolulu under the Civil Rights Act of 1871, 42 U.S.C. § 1983, challenging the scenic easement imposed upon their property as a "taking" without just compensation and seeking damages. They also asserted alternative theories for compensation or equitable relief.

The facts established at trial, as found by the district court, showed only that a scenic easement had diminished the value of the plaintiffs' property. However, the Supreme Court has specifically stated that its decisions sustaining land-use regulations that "are reasonably related to the promotion of the general welfare, uniformly reject the proposition that diminution in property value, standing alone, can establish a 'taking.'" *Penn Central Transportation Co. v. City of New York*, 438 U.S. 104, 131, 98 S.Ct. 2646, 2662–63, 57 L.Ed.2d 631 (1978). The district court found that

nation.

the Lais could build a 51–unit residential development on the property that would conform to the zoning requirements and restrictions. The inability to reap as great a profit as one might have absent the zoning restriction, does not equate with a "taking." *William C. Haas & Co. v. City and County of San Francisco,* 605 F.2d 1117, 1120–21 (9th Cir.1979), *cert. denied,* 445 U.S. 928, 100 S.Ct. 1315, 63 L.Ed.2d 761 (1980). In its most recent pronouncement of last Term, the Supreme Court expressly stated that a height limitation preserving the public's scenic view is not a "taking." *Nollan v. California Coastal Commission,* — U.S. ——, 107 S.Ct. 3141, 3147–48, 97 L.Ed.2d 677 (1987). Plaintiffs in this case also alleged alternative "taking" theories which the district court did not reach.

 We cannot rule definitively on the merits of any of plaintiffs' theories, however, because the plaintiffs must pursue all avenues of relief before presenting a "taking" claim in federal court. Under *Williamson County Regional Planning Commission v. Hamilton Bank,* 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985), a plaintiff's claim is not ripe until "the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue." This requires that the plaintiffs seek variances from the regulations. *Id.* at 186–88, 105 S.Ct. at 3117; *see also Lake Nacimiento Ranch Co. v. San Luis Obispo County,* 830 F.2d 977, 980 (9th Cir.1987); *Kinzli v. City of Santa Cruz,* 818 F.2d 1449, 1453–54 (9th Cir.), *amended,* 830 F.2d 968 (9th Cir.1987), *cert. denied,* — U.S. ——, 108 S.Ct. 775, 98 L.Ed.2d 861 (1988). A plaintiff must also "seek compensation through the procedures the State has provided for doing so." *Hamilton Bank,* 473 U.S. at 194, 105 S.Ct. at 3121.

■ Here, although the parties agree that there are no state procedures for such compensation claims, the Lais did not seek a variance. Since both sides have pointed out to us on appeal that other exceptions to the ordinance's height restriction have been granted during the long course of this litigation, we must conclude that the Lais have not yet obtained a "final and authoritative determination of the type and intensity of development legally permitted on the subject property. A court cannot determine whether a regulation has gone 'too far' unless it knows how far the regulation goes." *MacDonald, Sommer & Frates v. Yolo County,* 477 U.S. 340, 106 S.Ct. 2561, 2566, 91 L.Ed.2d 285 (1986); *see also Shelter Creek Development Corp. v. City of Oxnard,* 838 F.2d 375, 377–379 (9th Cir. 1988).

We therefore hold that the Lais do not yet have a justiciable claim.

REVERSED, with orders to VACATE the judgment and dismiss the complaint without prejudice.